**In the Matter of Herbert Lanoris HANNAH, Bankrupt/Debtor.**

**Bankruptcy No. 81–04642A.
Civ. A. No. C82–121A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 20, 1982.

J. Sam Plowden, Trustee, Atlanta, Ga., William A. Broughman, Decatur, Ga., for plaintiff.

Leroy Baldwin, Atlanta, Ga., M. J. Waddell, Atlanta, Ga., for debtor.

---

## ORDER

**ROBERT H. HALL**, District Judge.

This notice of appeal was filed on January 22, 1982, from a final order of the Bankruptcy Court entered on December 29, 1981. On January 25, 1982, the Clerk of this Court sent a briefing schedule to all the parties. No briefs have been filed nor was any hearing requested on the appeal. See Local Rules A–231.5 and A–231.6, United States District Court, Northern District of Georgia. The appeal is AFFIRMED. The appellant may now proceed with his second appeal.

It is unfortunate that Congress has seen fit in the Bankruptcy Reform Act of 1978[1] to continue to provide for an appeal of right from a single judge decision of a court[2] of special jurisdiction (Bankruptcy) to another single judge of a court of general jurisdiction (United States District Court) and then allow a second appeal from the latter court to a panel of three judges on the circuit court of appeals. This brings to mind a statement once made by an English judge that "one appeal is a reasonable precaution but two suggests panic."

Why have an appeal in any case? The "... reason ... is not because the appellate judges necessarily have more wisdom about the case than the trial judge (on the contrary they may have less); it is instead that a second look by someone else is always to the good. The Bible says, 'in the multitude of counselors there is wisdom'. So the idea is that it is good to have a panel of three judges examine what one judge has done." *Atlanta Coca-Cola Bottling Company v. Jones*, 236 Ga. 448, 452–453, 224 S.E.2d 25, 28 (1976).

While the provisions for appeals under the new Bankruptcy Act have been called "nearly incomprehensible",[3] the Act does allow, among other paths, one path which would provide a single appeal from the Bankruptcy Court to the Circuit Court of Appeals; however, this may only be done if the parties agree to this procedure. 28 U.S.C.A. § 1293. Another appeal path may be taken if the chief judge of the circuit establishes a system under which panels of three bankruptcy judges hear appeals from the Bankruptcy Court. 28 U.S.C.A. § 160. However, a further appeal to a panel of the Circuit Court of Appeals is still available. Thus, this latter path provides a means for avoiding the anomaly of having a one judge decision reviewed by a one judge appeal; but under this procedure there would still be double appeals. Two of the eleven circuits have taken this latter approach. The third appeal path is the one followed in this case and involves two appeals—first to the United States District Court and then to the Circuit Court of Appeals.

It has been said that as a means of administering justice double appeals are seriously objectionable for many reasons: they involve an economic waste of time, money and effort; litigants cannot afford the expense of repeated appeals; the public cannot afford to maintain a system for continually doing over again what ought to have been done well in the first place; repeated appeals discredit the judiciary; repeated appeals introduce a gambling element into litigation; and, finally, repeated appeals exacerbate the serious problem of delay. See Sunderland, "The Problem of Double Appeals", reprinted in II Appellate Justice 186–187 (1975).

---

**1.** Act of November 6, 1978, P.L. 95–598, 92 Stat. 2682.

**2.** After April 1, 1984, there will be a new Bankruptcy Court which will be an "adjunct" to the District Court for the District. 28 U.S.C.A. § 151(a). During the transition period, appeals are made in same manner as provided for the new Bankruptcy Court. 28 U.S.C.A. § 1471(b); P.L. 95–598, § 405(b).

**3.** 16 Wright, Miller and Cooper, *Federal Practice and Procedure*, § 3926 (Supp.1981).